IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ALEXANDR SASHA REDKOVSKY

|  |  |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 09-3385M |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |


MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE
MOTION FOR REMAND


Alexandr Sasha Redkovsky  ("Plaintiff" or "Claimant") brought this action under 42

U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social

Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits

("DIB")  and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the

Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).   Before the Court are Plaintiff's Motion

for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 17) and Defendant's Motion

for Summary Judgment. (Def.'s Mot. Summ., ECF No. 22).  No hearing is deemed necessary.

Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Alternative Motion for

Remand is GRANTED.

I.  Procedural History

Plaintiff protectively filed his applications for DIB and SSI on June 2, 2006 alleging

disability since April 16, 2006 on the basis of blunt force trauma to the face and vision problems.

R. at 19, 80-82, 86-89, 99-100.   His claims were denied initially and on reconsideration.  R. at

53-55, 58, 59-60, 61-62.   On July 24, 2008, a hearing was held before an administrative law

judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 17-47.  In a

decision dated August 8, 2008, the ALJ denied Plaintiff's request for benefits. R. at 8-16.  The

Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final

decision subject to judicial review.  R. at 1-3.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set

forth in 20 C.F.R. § 404.1520 and  § 416.920.  At the first step, the ALJ determined that

Claimant had not engaged in substantial gainful activity since his alleged onset date.   At step

two, the ALJ determined that Claimant suffered from the following severe impairments: history

of head trauma with cognitive deficits and vision disturbances including blurring and double

vision.  At step three, the ALJ found that his impairments did not meet or equal the Listings of

Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that,

given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past

relevant work.  At step five, the ALJ concluded that Claimant was capable of performing jobs

that existed in significant numbers in the national economy.  Accordingly, he concluded that

Claimant was not disabled.  R. at 8-16.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id.*

IV. <u>Discussion</u>

Plaintiff argues that the ALJ (1) erred in his RFC assessment; and (2) erroneously relied upon the testimony of the VE.

A.      <u>RFC Assessment</u>

In arguing that the ALJ erred in his RFC assessment, Plaintiff asserts that the ALJ did not properly evaluate the opinions of State Agency Physician, Caroline B. Moore, Psy. D, Consultative Examiner, Dr. Cable, Dr. Fiergang and treating physician, Dr. Haque.  All of these doctors indicated that Claimant suffered from some degree of impairment in his memory and/or ability to concentrate.  Yet, the ALJ did not include any limitation in his RFC which would address these limitations.  While the ALJ may have found these limitations not supported by the record, his analysis is too vague for the Court to find any such finding supported by substantial

evidence.

With respect to State Agency Physician, Caroline B, Moore, Plaintiff directs the Court's attention to her findings that he had a moderately limited ability to understand, remember and carry out detailed instructions, to maintain attention and concentration for extended periods, to work in coordination with proximity to others without being distracted by them, to complete a normal workday and work week without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to accept instructions and respond appropriately to criticism from supervisors and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  R. at 179-80. Dr. Moore indicated that Claimant was able to perform "simple work-related tasks of an ongoing basis from a mental standpoint."  R. at 181.

Nowhere in his opinion does the ALJ mention the findings of Dr. Moore specifically. However, the ALJ does indicate that he is not affording the weight of the stage agency consultants controlling weight.  R. at 14.  In his consideration of the paragraph "B" criteria of Listing 12.02, the ALJ found that Claimant had moderate difficulties with respect to concentration, persistence or pace.  R. at 11.  In the same paragraph; however, he indicates that the claimant alleges concentration difficulties [but] he is able to follow play, movie and television plots [and] able to follow instructions and can concentrate sufficiently to attend and pass college classes."  *Id.*  On the surface, the ALJ's statements are confusing, and it is not clear to the Court the extent to which the ALJ credits Claimant's difficulties with respect to his concentration, persistence or pace.

4

Moreover, if it is the ALJ's intent to find the Claimant suffers little or no impairment with respect to his concentration and/or attention, the Court cannot find that substantial evidence supports this finding.[1]   The Court notes that the ALJ cites the fact that Claimant is taking two classes at college since January 2007 and has completed of 30 credit hours with a GPA of 3.7,  R. at 12, 14, 29-30.  In addition, the ALJ afforded great weight to the opinion of Dr. Haque that Claimant could function as a regular student despite his impairments.  R. at 14, 229-32.  Nonetheless, apart from a blanket statement that he is affording Dr. Haque's opinion great weight, the Court cannot find that the ALJ's rejection of other evidence supporting deficits in Claimant's attention, concentration or pace, supported by substantial evidence.

In addition, Dr. Dana Cable, consultative examiner, determined that Plaintiff had "a great deal of difficulty with all of the subtests of memory" and "became confused rather quickly." R. at 217.  She further noted that he suffered from "significant memory impairment" and although he could carry out simple tasks, he seems to get confused easily.  *Id.*  Ultimately, she opined that "he could [not] handle the stress and pressure of a day to day work experience." *Id.*   While the ALJ summarized Claimant's IQ testing from this consultative examination and mentioned this finding, he provides nothing more by way of explanation except, again, to indicate he was not affording the opinion controlling weight.  Indeed, the ALJ did not even mention Dr. Cable's findings with respect to his notations of Claimant's impaired memory.

The ALJ also briefly summarized the findings of Dr. Dean Fiergang noting that

_____

[1] To the extent the ALJ finds he does indeed suffer a "moderate" impairment in his concentration, persistence or pace as he indicates in his opinion, the Court does not find that the ALJ has adequately addressed the extent of the

Claimant was found to have 20/20 uncorrected vision in each eye and the diagnoses of diplopia, esotropia, left hypertropia and mild hyperopia.  R. at 13.  Yet, the ALJ seemingly ignored Dr. Fiergang's opinion that Claimant's concentration was substantially impacted by his impairments as well as his ability to complete assignments in a timely manner.  R. at 226. Similarly, while the ALJ credited the opinion of Claimant's treating physician, Dr. Haque, that Claimant can fully function as a regular student, he did not evaluate his opinion that Claimant's concentration and stress management are substantially impacted and that his memory, ability to manage internal and external distractions and ability to complete assignments in a timely manner are all moderately impacted.  R. at 230.

The Court agrees with Plaintiff that substantial evidence does not support the ALJ's implicit rejection of the above evidence relating to Claimant's memory and ability to concentrate.  As a result, the Court cannot find that the ALJ's RFC is supported by substantial evidence as the Court cannot determine whether the RFC should include restrictions relating to these impairments.[2]

## V.  Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Summary Judgment is GRANTED.  A separate order shall issue.

---

impairment and its effect at steps three through five of the sequential evaluation.

[2] Because the Court cannot find the RFC supported by substantial evidence, the Court cannot find that the ALJ properly relied upon the testimony of the VE. Accordingly, on remand, the hypothetical to the VE must also be addressed.

Date: March 19, 2012

_____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
Stephen F. Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692